MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
JAMES A. GOEKE
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 24 2014

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) NO: 14-CR-21-RMP-17 |
| vs. | ) |
| JERRELYN L. COMSTOCK, | ) **PRE-TRIAL DIVERSION AGREEMENT** |
| Defendant. | ) |

### I.     PRE-TRIAL DIVERSION AGREEMENT

It is alleged by an Indictment filed on February 20, 2014; in Cause Number 14-CR-21-RMP-17 that JERRELYN L. COMSTOCK committed the following offense against the United States in the Eastern District of Washington:

Count 2

That beginning on a date unknown, but by no later than on or about July 18, 2012, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including February 19, 2014, in the Eastern District of Washington and elsewhere, DEANDRE S. GAITHER, JASON L. JONES, KORY A.J. HALL, TONY L. BRAMLETT, JOSEPH L. DAVIS, ROBERT Y.L. RUSHING, RONNIE T. SIMMS, DAVID L. WOMACK, VONDERICK NOBLE, SAM G. WARD, RONALD E. GARDNER, TAKIYAH R. GAYLE, STAFONE N.

| | |
|---|---|
| 1 | FUENTES, CIERRA C. WHITE, ELIZABETH I. WEISTER, KATHRYN L. |
| 2 | LUST-LIGGINS, **JERRELYN L. COMSTOCK**, KENNETH R. BUDIK, |
| 3 | COURTNEY D. VAUGHN, CALVIN B. MASON, DYON L. BRAMLETT, |
| 4 | GILBERT A. CRAWLEY, BRETT A. LUTON, MICHAEL A. KING, JASON C. BROWN, TODD ANDRY, SEAN M. ALLEN, SEAN L. LAMBERT, AARON |
| 5 | C. BROWN, RASHJEL G. CAGE, and NICHOLAS P. MADDOX, and others not |
| 6 | known to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with other persons, both |
| 7 | known and unknown to the Grand Jury, to commit the following offense against |
| 8 | the United States, to wit: conspiracy to distribute a mixture or substance containing a detectable amount of oxycodone hydrochloride, an opiate and |
| 9 | Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), specifically in |
| 10 | the form of pills containing oxycodone hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), all in violation of 21 U.S.C. § 846. |
| 11 | |
| 12 | It appears, however, after a comprehensive investigation of the offense and |
| 13 | that of JERRELYN L. COMSTOCK's background, that the interests of the United |
| 14 | States and JERRELYN L. COMSTOCK's own interests, and the interests of |
| 15 | justice, will be served by the following procedure, therefore: |
| 16 | On the authority of the Attorney General of the United States, by MICHAEL |
| 17 | C. ORMSBY, United States Attorney for the Eastern District of Washington, and |
| 18 | Jared C. Kimball, Assistant United States Attorney for the Eastern District of |
| 19 | Washington, prosecution in this District for this offense shall be deferred for a |
| 20 | period of eighteen (18) months from the date of the filing of this Agreement, |
| 21 | provided you abide by the following conditions and the requirements of the Pre- |
| 22 | Trial Diversion program set out in detail below. |
| 23 | Should you violate any conditions of this supervision, the United States |
| 24 | Attorney or his designee may revoke or modify any conditions of this Pre-Trial |
| 25 | Diversion program or change the period of supervision for an additional period |
| 26 | which shall in no case exceed twelve (12) months from the original termination |
| 27 | date of the diversion agreement. The United States Attorney may release you from |
| 28 | |

PRE-TRIAL DIVERSION AGREEMENT – 2
Document1

supervision at any time. The United States Attorney may at any time within the period of your supervision reinitiate prosecution for the underlying offenses should you violate the conditions of this supervision and will furnish you with notice specifying the conditions of your program which you have violated.

If, upon successful completion of the program and your period of supervision, a Pre-Trial Diversion report is received to the effect that you have complied with all the rules, regulations and conditions above mentioned, the United States will move to dismiss, with prejudice, the charge for the above described offense.

Neither this Agreement nor any other document filed with the United States Attorney as a result of your participation in the Pre-Trial Diversion Program will be used against you in connection with any prosecution for the above described offense or be provided to any other person or entity other than the United States Attorney's Office, United States District Court, and the United States Probation Office without Court order or as otherwise required by law.

## II.   CONDITIONS OF PRE-TRIAL DIVERSION

1. You shall not commit a violation of any law (federal, state and local). This condition shall not apply to simple moving infractions. You shall immediately contact your Pre-Trial Diversion supervisor if arrested and/or questioned by any law enforcement officer.

2. You shall be consistently employed at a lawful occupation.

3. You shall continue to live in this judicial district. If you desire to move out of the district, you shall obtain permission from your diversion supervisor so that the appropriate transfer of program responsibility can be made prior to your relocation.

4. You shall report to your diversion supervisor as directed and keep him/her informed of your whereabouts.

PRE-TRIAL DIVERSION AGREEMENT – 3

Document1

5.   You shall not possess, control and/or consume any controlled substance without a valid prescription nor possess items commonly used for the consumption of such substances (drug paraphernalia), or be in any place where such substances are located, controlled and/or consumed. For purposes of this diversion agreement, you are agreeing that marijuana is a controlled substance under Federal Law and agree further that you will not seek a prescription for medical marijuana while under the terms of this diversion agreement.

6.   You shall submit a sample for urinalysis for controlled substances at the request and discretion of your diversion supervisor.

7.   You shall not associate or maintain meaningful/consistent contact with gang members, specifically, but not limited to the Rolling 20's Crips.[1]

8.   You shall testify truthfully if called as a witness at any state or federal court proceeding.

9.   You shall consent to a search of your person and/or residence upon request of the diversion supervisor.

I, JERRELYN L. COMSTOCK, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in

---

[1] The United States is advised that co-defendant DEANDRE GAITHER is a member of the Rolling 20's Crips and further that Mr. Gaither and Ms. Comstock have a child in common which requires that they have contact for purposes of discussing child custody/child rearing. The United States notes that contact between the Defendant and Mr. Gaither is not a violation of the gang member no contact provision unless the diversion supervisor/law enforcement deems that such contact was for potential/actual criminal purposes. *Also William Alexander-Durr she can have contact with as he is the father of 2 of her children*

PRE-TRIAL DIVERSION AGREEMENT – 4
Document1

all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request that the United States Attorney for the Eastern District of Washington defer any prosecution of me for violations of 18 U.S.C. § 841 and 846, as described herein, for a period of eighteen (18) months, and to induce him to defer such prosecution I agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for the effective period of this Diversion Agreement.

I hereby state that the above has been read by me and explained to me by my attorney. I understand the conditions of my Pre-Trial Diversion and agree that I will comply with them.

_____    9/25/14
DEFENDANT                     DATE
JERRELYN L. COMSTOCK

_____    9-25-14
JOHN P. NOLLETTE              DATE

PRE-TRIAL DIVERSION AGREEMENT – 5
Document1

Attorney for JERRELYN L. COMSTOCK

_____     11.24.14
JARED C. KIMBALL                    DATE
Assistant United States Attorney


_____     11/24/14
U.S. PROBATION OFFICER              DATE


APPROVED without passing judgment on the merits or wisdom of this diversion.

_____     11/24/14
HONORABLE ROSANNA MALOUF PETERSON    DATE
Chief United States District Court Judge

PRE-TRIAL DIVERSION AGREEMENT – 6
Document1